DAWSON
*vs*
MITCHEL.

---

CHANCERY.

Case 84.

*April* 24.

# Dawson *vs* Mitchel.

ERROR TO THE ADAIR CIRCUIT.

*Lien.    Equitable interests.*

JUDGE MARSHALL delivered the opinion of the Court.

The case stated. MITCHEL having sold to A. Dawson two adjoining tracts of land, for the conveyance of which he gave separate title bonds, and having received payment of the price fixed upon one of the tracts, obtained judgment for six hundred dollars, with interest, being the amount due on the note executed for the other tract. And an execution thereon having been returned, in substance, no property found, filed his bill stating substantially these facts, and praying for a sale of so much of the whole land sold to Dawson as will satisfy his judgment. A. Dawson, in his answer, insists that the two tracts were sold separately, and that the complainant, as vendor, has no lien on the one for the unpaid purchase money of the other, and alledging further, that the tract which had been fully paid for, called the 'Shields place,' had been sold by him, and the bond therefor assigned to his son, John R. Dawson, who, he says, had furnished great part of the purchase money paid therefor to the complainant; he makes said John R. a defendant, and prays that he may interplead with the complainant. John R. Dawson made his answer a cross bill against the complainant, and setting up the assignment of the bond for the Shields tract to him, and his purchase thereof, and the full payment of the price to the complainant, he prays for a conveyance. The complainant, in answer, puts in issue the alledged purchase by J. R. Dawson from A. Dawson, and charges a fraudulent combination between them. The Court, with-

out giving day of payment, decreed the immediate sale, for ready money, of so much of both tracts, without discrimination, as would satisfy the complainant's judgment; and the propriety of this decree is the question *now to be decided.*

Conceding, as we are inclined to do, that, altho' the two tracts adjoin each other and might be regarded as forming one tract, and although the contract for the sale of each was consummated on the same day, and as it may be said at the same time, and in pursuance of an intention and agreement embracing both, yet as the contracts were, in fact, distinguished by the execution of distinct writings, by which they were respectively evidenced, as a distinct price was fixed on each, and as the conveyance of each was made to depend upon the payment of its price, and not upon the payment of the price of both, the sales are to be considered as separate and distinct, and that the vendors lien, for the price of each tract, is confined to that tract alone. Still, as in this case there was a judgment and return of no property, for the price of the tract not paid for, known as the 'Jones tract,' the vendor, tho' having no lien as vendor beyond this last named tract, has an undoubted right, under the general execution law of 1828, to subject to the satisfaction of his judgment, not only the Jones tract but also, and in addition thereto, so much of the other tract as may be necessary, except so far as the equitable title of A. Dawson, his debtor, had, before the filing of the bill, been vested in good faith, and for a valuable consideration, in another.

Upon the evidence in the record, we are not satisfied that John R. Dawson, the assignee of the bond for the Shields tract, is entitled to be regarded as a *bona fide* assignee for a valuable consideration. The most favorable statement of his case is, that a portion of the puchase money, for that tract, was furnished by the sale of another tract which his father, A. Dawson, had owned, but had intended for said John R.; that the residue had been made by sales of stock and other produce of the Shields tract, on which the two Dawsons lived together, the son performing, principally, the labor and the management of

Two tracts of land, adjoining, were sold on the same day, yet as separate bonds were *given* for the price of each tract, and separate bonds given for the conveyance of each tract, due at different periods— *held* that the sales were distinct, and no lien attached to one for the price of the other.

In such case, tho' one tract was fully paid for, yet as there was a judgment and *nulla bona*, against vendee, for the price of the other tract, *held* that not only the tract to which the lien attached for the consideration attached but so much of the other should be sold as would pay the judg't, though the title bond for the tract paid for had been assigned to the son of vendee, as the proof did not clearly show that the son had himself paid the price to his father or vendee.

DAWSON
vs
MITCHEL.

the farm.  But it does not appear how old he is, or that he has a family, or that he ever had any distinct property of his own, nor under what contract between his father and himself the farm and its business have been conducted.

There is some direct evidence tending to support the charge of fraudulent combination.  But waiving this as perhaps too slight, in itself, to establish the fact of actual intention to defraud the creditors of A. Dawson, we think there is no pretence of a valuable consideration for the assignment to John R. Dawson, sufficient to sustain his claim to the whole of the Shields tract ; nor is it certain that there is a real consideration for the assignment, except that of love and affection, to any extent, altho' it may be probable that, to some indefinite tho' perhaps not very large amount, the proceeds of his labor may have been appropriated to the purchase, and may form a valuable consideration.  But there being, in these respects, an entire uncertainty, which he ought to have removed, we think the complainant's right to have his judgment satisfied out of these two tracts cannot, to any extent, be defeated by the alledged claim of J. R. Dawson to one of them.  But as there may be, and probably is, some foundation for that claim, to some extent, we are of opinion that it should have been so far respected as that the decree should have directed an effort first to have been made to raise the necessary amount for satisfying the judgment, &c. by a sale of the Jones tract, or part thereof, upon failure of which, so much of the whole land, including the Jones tract, should have been directed to be offered, as would pay the debt, thus making the debt out of the Jones tract, and as small a portion as possible of the Shields tract, excluding from the sale, as far as could conveniently have been done, the improvements on the latter tract.  This mode of proceeding could not, in the slightest degree, have injured the complainant in the collection of his demand, and as it would have secured full justice to him with the least possible injury to the defendants, we think it should have been directed in the decree rather than to have left the defen-

dants exposed to unnecessary evils. In this respect we think the decree erroneous.

And as we perceive no sufficient reason for departing, in this case, from the usual practice of directing the sale to be made on a credit—the shortest time being that allowed by law on sales made under executions which issue on judgments—we regard the decree as being also erroneous in this particular. But as the proceeding is for the enforcement of a judgment debt on a return of 'no property found,' there was no error in failing to give day of payment: (1 *B. Monroe*, 197.)

Wherefore, for the two errors above noticed, the decree is reversed and the cause remanded, with directions to render a decree in conformity with this opinion.

*B. & A. Monroe* for plaintiff: *A. Buckner* for defendant.

